IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
December 10, 2002 Session

## STEVE KYGER v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Rutherford County**
No. F-26722     Douglas A. Meyer, Judge, Sitting By Interchange

_____

### No. M2002-01449-CCA-R3-PC - Filed May 22, 2003

_____

The Appellant, Steve Kyger, appeals the dismissal of his petition for post-conviction relief by the Rutherford County Circuit Court. On December 21, 1987, Kyger was convicted of first degree murder, armed robbery, and joyriding, and received a sentence of life imprisonment plus thirty-five years in the Department of Correction. On appeal, Kyger challenges these convictions raising the single issue of ineffective assistance of counsel. Finding no error, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed.**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and NORMA MCGEE OGLE, JJ., joined.

Darrell L. Scarlett, Murfreesboro, Tennessee, for the Appellant, Steve Kyger.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; David H. Findley, Assistant Attorney General; William C. Whitesell, Jr., District Attorney General, for the Appellee, State of Tennessee.

### OPINION

### Procedural History

On November 14, 1986, the Appellant and a co-defendant shot and killed Frank Robinson during an armed robbery in the parking lot of the IGA grocery store in Murfreesboro. The Appellant was arrested approximately an hour and a half later within a mile of the scene. On December 21, 1987, a jury found the Appellant guilty of first degree murder, armed robbery, and joyriding. He received a life sentence for first degree murder, thirty-five years for armed robbery, and three years for joyriding. The Appellant's convictions were affirmed by this court on direct appeal. *See State v. Kyger*, 787 S.W.2d 13 (Tenn. Crim. App. 1989).

Examination of the convicting evidence established the following facts:

As to [the Appellant], the evidence established that a man fitting his description shot and robbed the victim and was seen leaving the scene in a red truck. A short distance from where the truck was abandoned, a man fitting [the Appellant's] description was observed running across a busy street towards the rear of an apartment complex; he wore a ski mask. Dark coveralls loaned to [the Appellant] matched those described by witnesses to the shooting and were found where the gunman fled. [The Appellant] was picked up a short distance from the apartments. His appearance was consistent with having waded through water and with having worn a jacket and a cap. He was without a coat despite the cold weather, consistent with his having discarded his outer garments. Gun powder residue was found on [the Appellant's] hands, consistent with his having recently (normally within 6 to 8 hours) fired a gun. In our view, this circumstantial evidence was sufficient to identify [the Appellant] as the gunman in the offenses beyond a reasonable doubt.

*Id.*

On January 7, 1993, the Appellant filed a *pro se* petition for post-conviction relief, which was held in abeyance pending the outcome of his federal habeas corpus petition. On December 31, 2001, an amended petition was filed. A hearing was held, and on May 16, 2002, the post-conviction court dismissed the Appellant's petition.

## Analysis

On appeal, the Appellant asserts that the quality of representation provided by trial counsel fell below the required standard.[1] Specifically, the Appellant alleges ineffectiveness based upon trial counsel's (1) failure to properly investigate and locate the individual who could have provided an alternative explanation for the presence of gunshot residue on his hands and (2) failure to allow the Appellant to demonstrate to the jury that the coveralls located near the scene did not fit him. For the Appellant to succeed on his claim, he bears the burden of establishing the allegations set forth in his petition by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f) (1997). Moreover, the Appellant must demonstrate that counsel's representation fell below the range of competence demanded of attorneys in criminal cases. *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). Under *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984), the Appellant must establish (1) deficient representation and (2) prejudice resulting from the deficiency. The petitioner is not entitled to the benefit of hindsight, may not second-guess a reasonably based trial strategy, and cannot criticize a sound, but unsuccessful, tactical decision made during the course of the proceeding. *Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994). This deference to the

---

[1] At trial, the Appellant was represented by two attorneys. On appeal, he fails to distinguish between his attorneys or assign the particular challenged areas of misrepresentation to a specific attorney. We treat the Appellant's claims of ineffectiveness as a general claim.

tactical decisions of trial counsel is dependant upon a showing that the decisions were made after adequate preparation. *Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

The issues of deficient performance by counsel and possible prejudice to the defense are mixed questions of law and fact. *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). "[A] trial court's *findings of fact* underlying a claim of ineffective assistance of counsel are reviewed on appeal under a *de novo* standard, accompanied with a presumption that those findings are correct unless the preponderance of the evidence is otherwise." *Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001) (citing Tenn. R. App. P. 13(d); *Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997)). However, *conclusions of law* are reviewed under a purely *de novo* standard, with no presumption of correctness. *Id.* Upon *de novo* review, accompanied by a presumption that the post-conviction court's findings are correct, this court must determine whether the Appellant received the effective assistance of counsel.

### A. Gunshot residue

The Appellant first argues that trial counsel failed to properly investigate the case by not locating the individual who could have provided an alternative explanation for the presence of gunshot residue on the Appellant's palm. The State's proof at trial established that gunshot residue was present on the Appellant's right palm, which could indicate "that the subject could have fired or handled a gun." At the time of the crimes, the Appellant, although not employed, was "hanging around" the co-defendant's auto body shop, where he assisted in operating a tow truck on occasion. The Appellant testified at the post-conviction hearing that the residue was present, not because he had fired a gun, but because he had set off a safety flare that morning in the course of towing a van back to the body shop. The Appellant contends that trial counsel should have located the man whose van he towed and that this person should have been called as a witness at trial to establish this fact. He also asserted that the presence of the residue on his palm was more consistent with handling a gun rather than firing one, a fact which would refute the State's theory that he was the shooter.

Trial counsel testified that a search for the owner of the van had been conducted but that the claim could not be substantiated. In addition, trial counsel stated that an expert on gunshot residue had been contacted and, in his opinion "there was more of a risk that [the Appellant's] explanation would not hold water than there was that it would. . . ." Thus, trial counsel made a tactical decision to contradict the State's proof of the gunpowder residue only through cross-examination of the State's expert. We find this to be a "reasonably based trial strategy" and conclude that trial counsel's performance was not deficient.

In addition, the Appellant's argument must fail because he failed to present any proof at the post-conviction hearing other than his own bare allegation that he had operated a tow truck or ignited a flare on the day in question. When a petitioner claims that trial counsel failed to interview or present a witness in support of his defense, the Appellant should present that witness at the evidentiary hearing. *Black v. State*, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990). Because the Appellant failed to produce the owner of the allegedly disabled van or even business records

supporting his claim, it would be speculative to conclude that his testimony would have affected the outcome of the case. Accordingly, the Appellant's allegation of deficient pre-trial investigation falls far short of clear and convincing evidence. Accordingly, this issue is without merit.

### B. Coveralls

At trial, the State introduced a pair of discarded coveralls which were recovered in the area where the gunman fled and linked to the Appellant. The Appellant admitted that the coveralls had once belonged to him but, because they were too small, he had left them at the co-defendant's body shop. Trial counsel refused the Appellant's request to be allowed to demonstrate to the jury that the coveralls were too small. This decision was made after trial counsel observed the prosecutor, who was approximately the same size as the Appellant, put the coveralls on with "no problem." Trial counsel testified that allowing the Appellant to try on the coveralls would create "more of a risk that we would hang [the Appellant] than it would bring some reasonable doubt before the jury." Trial counsel made the tactical decision to advance a defense based on misidentification, as witnesses to the crime had testified that the shooter was wearing an army jacket and tennis shoes, and the Appellant was wearing no jacket and boots when he was arrested.

The post-conviction court found that trial counsel's performance in not permitting the Appellant to try on the coveralls before the jury did not constitute deficient performance. The post-conviction court treated trial counsel's decision as a tactical one based on the fact that the prosecutor, approximately the same size as the petitioner, "tried to put [the coveralls] on and had no problem," and on the petitioner's own admission that the bottom part of the coveralls fit him and the tightness did not stop him from wearing the garment with the arms tied around his waist. We conclude that the proof does not preponderate against this finding. Accordingly, this issue is without merit.

### CONCLUSION

Based upon the foregoing, we conclude that the Appellant was afforded the effective assistance of counsel. Accordingly, we affirm the dismissal of his petition for post-conviction relief.

_____
DAVID G. HAYES, JUDGE